IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VALLIE FRANCIS ZELLER,<br><br>Defendant. | Case No. 3:20-CR-30101-NJR-1 |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is the Motion to Revoke United States Magistrate Judge Beatty's June 30, 2020 Detention Order filed by Defendant Vallie Francis Zeller (Doc. 31). Zeller asks the undersigned Chief District Judge to review the Detention Order *de novo* and admit him to bail on a combination of conditions of release that will reasonably assure the safety of the community or any other person. The Government opposes the motion (Doc. 33). For the reasons set forth below, the motion is denied.

## BACKGROUND

On June 27, 2020, Zeller was charged by complaint with attempted enticement of a minor (Count 1), interstate travel with intent to engage in illicit sexual conduct (Count 2), and attempted production of child pornography (Count 3) (Doc. 1). The United States moved to detain Zeller, and a detention hearing was held by Magistrate Judge Mark A. Beatty on June 30, 2020 (Doc. 13).

At the detention hearing, the Government argued that the evidence against Zeller

is strong and that Zeller poses a danger to the community (Doc. 30). The Government noted that Zeller had chatted with what he believed to be a 15-year-old minor for three days and requested an explicit video of the minor displaying her genitals and performing a sex act on herself (Doc. 30). He then scheduled a time to visit the minor knowing she would be home alone. He drove from St. Louis, Missouri, to the minor's home in Southern Illinois, where he was encountered by police (*Id.*). At that point, Zeller admitted that he knew the minor was underage and that he intended to have sex with the minor (*Id.*).

The Government further argued that Zeller's criminal history shows he is a danger to the community. Zeller has a history of burglary, drugs, violence, and sex offenses, and, most importantly, was charged in 1999 with lewd, lascivious assault or act upon a child while in Florida, which would have been a child under the age of 16 (*Id.*). The Government, at that time, did not have further details of the 1999 conduct, but indicated that it appeared the charge was dismissed in 2001 in exchange for pleading to a battery of domestic violence (*Id.*).

Zeller also poses a flight risk, the Government asserted, as he is facing a 15-year mandatory minimum on the attempted production of child pornography charge (*Id.*). Furthermore, Zeller initially attempted to flee the minor's residence when he encountered law enforcement (*Id.*). Finally, the Government argued that Zeller lacked a stable employment history and, until recently, lacked a stable home plan (*Id.*).

In response, Zeller argued that, if he were to be released, all electronic activity would be monitored. He further has been employed as an independent construction contractor, and he has a stable home (*Id.*). While he was homeless for a few weeks, that

was only because his wife's brother kicked them out after a dispute regarding the brother's dog (*Id.*). And most of his previous criminal conduct occurred more than 15 years ago (*Id.*). Finally, Zeller argued that his risk of flight is low given that most of his family, including his young son, resides in the area (*Id.*).

After considering the evidence, Judge Beatty granted the Government's motion to detain. Judge Beatty specifically considered the presumption under 18 U.S.C. § 3142(e)(2), Zeller's criminal history, his lengthy period of incarceration if convicted, and his lack of stable employment (*Id.*). Judge Beatty then found by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community (Doc. 13). He further found by a preponderance of evidence that no condition or combination of conditions of release would reasonably assure Zeller's appearance as required (*Id.*).

## LEGAL STANDARD

Under 18 U.S.C. § 3145(b), if a person is ordered detained by a magistrate judge, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The Court reviews the magistrate judge's detention order *de novo*. "This review may be conducted by reviewing the prior record already considered by the magistrate judge and making a fresh finding on a complete record." *United States v. Correa*, No. 12-CR-20075, 2013 WL 869956, at *3 (C.D. Ill. Mar. 7, 2013) (citing *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991)).

## DISCUSSION

In reviewing a detention order, the Court must determine whether release of a

defendant on personal recognizance or an unsecured bond would either (1) not reasonably assure the appearance of the person as required or (2) endanger the safety of another person or the community. 18 U.S.C. § 3142(b). "If such a release would not reasonably assure the defendant's appearance or the safety of the community, then the Court must consider whether there is some condition or combination of conditions that would so assure the Court." *United States v. Gadson*, No. 3:14-CR-094-JD, 2015 WL 163553, at *2 (N.D. Ind. Jan. 12, 2015) (citing 18 U.S.C. § 3142(c)). The Bail Reform Act requires clear and convincing evidence that no conditions will reasonably ensure the safety of any other person or the community in order to sustain a detention order. 18 U.S.C. § 3142(f); *United States v. Salerno*, 481 U.S. 739 (1987). A preponderance of the evidence is all the law requires to support a court's finding that a defendant is a flight risk. *See United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1987).

Under 18 U.S.C. § 3142(e)(3), the offenses Zeller is charged with committing trigger a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant and the safety of the community. 18 U.S.C. § 3142(e)(3). Zeller may rebut the presumption by producing evidence that "the specific nature of the crimes charged, or that something about their individual circumstances, suggests that what is true in general is not true in the particular case." *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986) (quotation omitted). "Any evidence favorable to a defendant that comes within a category listed in § 3142(g) can affect the operation of one or both of the presumptions, including evidence of their marital, family and employment status, ties to and role in the community, clean criminal record and other

types of evidence encompassed in § 3142(g)(3)." *Id.* This presumption imposes on defendants only a burden of production; the burden of persuasion concerning the risk of flight and dangerousness remains with the United States. *See United States v. Diaz*, 777 F.2d 1236, 1237 (7th Cir. 1985). Once rebutted, the presumption is not erased, but "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence" relevant to § 3142(g). *United States v. Whorton*, No. 1:13-MJ-253-TWP, 2013 WL 1438218, at *1 (S.D. Ind. Apr. 9, 2013) (citing *Dominguez*, 783 F.2d at 707).

In determining whether a defendant is a flight risk or poses a danger to the community, the Court must consider the factors under 18 U.S.C. § 3142(g), such as the nature and circumstances of the offense charged, including whether the offense involves a minor victim, the weight of the evidence against the person, the history and characteristics of the person, and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

Here, Zeller argues that, contrary to Judge Beatty's findings, he would not be a flight risk considering his family resides in the St. Louis and Southern Illinois area. While his mother currently lives in Florida, she is moving back to the area in September 2020. Additionally, he does not have a passport and has never traveled outside the United States. Zeller further asserts he does not pose a danger to the community. He requests that he be released on electronic monitoring with GPS tracking and is amenable to curfew restrictions, no use of social media, and monitoring if computer usage is even allowed. Zeller also would be agreeable to any other condition, including no use of alcohol or

drugs and periodic testing. And while he is currently unemployed due to COVID-19 and his incarceration, he would search for work opportunities were he to be released. Finally, Zeller notes that he has asthma, which puts him at a higher risk of COVID-19 complications, and he has experienced issues with getting proper treatment while in custody.

After considering Zeller's arguments and reviewing Judge Beatty's detention order *de novo*, the Court finds that the 18 U.S.C. § 3142(g) factors weigh in favor of finding that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

To begin with, the offenses charged are serious crimes involving Zeller's intent to engage in sexual intercourse with a minor, and the weight of the evidence against Zeller is very strong. Zeller, who went by the screen name "Just Fun," engaged in online and text messaging with an FBI online covert employee (OCE) who identified their age as "almost 16." (Doc. 33). Zeller indicated his interest in a sexual encounter with the minor, even warning the minor that "It will hurt a little at first sorry" (*Id.*). Zeller asked the OCE to send a sexually explicit video of their genitals, then drove to the OCE's house in the Southern District of Illinois and interacted with the OCE while he remained in his vehicle (*Id.*). When law enforcement arrived, Zeller attempted to flee in his vehicle but was quickly apprehended (*Id.*). Zeller admitted to traveling to from Missouri to Illinois to have sexual intercourse or oral sex with the minor. He also admitted to requesting photo and video of the minor displaying her genitals (*Id.*).

Zeller's criminal history also weighs in favor of detention. While the precise details

of Zeller's 1999 charge of lewd, lascivious assault or act upon a child in Florida was unknown to the Government at the time of the original detention hearing, the Government now asserts that Zeller previously was charged with two separate sex offenses against minors (*Id.*). First, Zeller was charged in March 1999 in Marion County, Florida, with two counts of Lewd and Lascivious Assault or Act upon a Child (*Id.*). The victim in that case was a 13-year-old female (*Id.*). Defendant was found not guilty by a jury in January of 2001 (*Id.*). Zeller also was charged in April 1999 in Marion County, Florida, with one count of Lewd and Lascivious Assault upon a Child in a separate case. Zeller pleaded guilty to an amended charge in February 2001 of misdemeanor Battery and was sentenced to 1 year in jail. The victim in that case was another 13-year-old female (*Id.*).

The Government notes that Zeller has failed to provide any change in circumstances that would warrant revocation of Judge Beatty's detention order. The Court agrees. The weight of the evidence against Zeller, combined with the nature and circumstances of the offenses charged, the fact that his offenses were directed toward a minor victim, and his criminal history lead this Court to find, by clear and convincing evidence, that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

Finally, the Court is unpersuaded by Zeller's argument regarding COVID-19. The law requires the Court to consider whether releasing Zeller would endanger the safety of any other person or the community—not whether the failure to release Zeller would endanger his own health. *See* 18 U.S.C. § 3142(b).

## CONCLUSION

For these reasons, the Motion to Revoke United States Magistrate Judge Beatty's June 30, 2020 Detention Order, filed by Defendant Vallie Francis Zeller (Doc. 31), is **DENIED**.

**IT IS SO ORDERED.**

DATED:   September 28, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**